IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10407
(Summary Calendar)

_____

ERIC LYNN CHATMAN,

Plaintiff-Appellee,

versus

WICHITA FALLS POLICE DEPARTMENT ET AL.,

Defendants,

ALLEN KILLINGSWORTH,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 7:95-CV-85)
- - - - - - - - - - -

January 14, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Police Officer Allen Killingsworth appeals the denial of his
motion for summary judgment based on qualified immunity.  The
denial order is appealable because it turns on a question of law,
not on the existence of genuine issues of disputed facts.  <u>Mitchell</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Forsyth, 472 U.S. 511, 530 (1985); Nerren v. Livingston Police Dep't, 86 F.3d 469, 471-72 (5th Cir. 1996).

Eric Lynn Chatman sued under 42 U.S.C. § 1983 alleging that his Fourth Amendment rights were violated when Killingsworth beat him on the head with a flashlight using excessive force. Even though Chatman failed timely to answer Killingsworth's requests for admissions, Chatman's admissions were neither amended nor withdrawn. The plain language of Rule 36 thus mandates that those admissions be deemed admitted and treated as conclusively established. Fed. R. Civ. P. 36(a),(b); See American Auto. Ass'n. v. AAA Legal Clinic of Jefferson Crooke, 930 F.2d 1117, 1119 (5th Cir. 1991). Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment. Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-49 (5th Cir. 1985).

To prevail on an excessive-force claim, a plaintiff must show that he was injured, that the injury resulted directly and only from a use of force that was clearly excessive to the need, and the excessiveness was objectively unreasonable in light of the facts and circumstances. Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996); Harper v. Harris County, 21 F.3d 597, 602 (5th Cir. 1994). According to Chatman's admissions, he suffered no damages by any act of Killingsworth's, he resisted arrest, and he hit the police officers during his arrest. More significantly, he agrees that the officers used only the minimal amount of force necessary to make

2

the arrest.  Thus Killingsworth has shown through these admissions that Chatman suffered no compensable injury and that Killingsworth's use of force was not clearly excessive to the need, thereby negating two elements of Chatman's claim.  As Killingsworth's actions did not violate the Fourth Amendment, he is protected by qualified immunity.  The district court erred by failing to treat Chatman's admissions as conclusively established and, as a result, by denying Killingsworth's motion for summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(Rule 56 requires entry of summary judgment if the movant satisfies the requirements of the rule).  We are compelled, therefore, to reverse and remand to the district court for entry of a judgment dismissing Chatman's claims against Killingsworth and for further proceedings consistent with this opinion.

REVERSED and REMANDED.