**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-60250
Summary Calendar

REX HARRIS

Plaintiff-Appellee

VERSUS

BRUCE KIRBY, Individually and as a member of the Police
Department of the City of Brandon, Mississippi, and as a Metro
Narcotics Agent of the Mississippi Bureau of Narcotics.

Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Mississippi
(3:96-CV-747-BN)

January 21, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellee Rex Harris brought suit against Appellant Bruce
Kirby, under 42 U.S.C. § 1983 for use of excessive force when
affecting an allegedly wrongful arrest of Appellee, while Appellant
was acting as a Metro Narcotics Agent of the Mississippi Bureau of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Narcotics. Appellant plead the defense of qualified immunity and made a motion for summary judgment based thereon. The district court refused to grant that motion and this appeal followed.

When reviewing the denial of a motion for summary judgment, this Court lacks jurisdiction to review the sufficiency of the evidence in support of and opposing the motion for summary judgment. *Johnson v. Jones*, --- U.S. ---, ---, 115 S.Ct 2151, 2156 (1995). Therefore, we must accept the district court's determination that Appellee has introduced sufficient summary judgment evidence to support his allegations and to present a jury question on the issue of Officer Kirby's qualified immunity. *Nerren v. Livingston Police Dep't.*, 86 F.3d 469, 471-72 (5th Cir. 1996).

The allegations of Appellee's complaint, presumptively supported by sufficient evidence, demonstrate a violation of his clearly established constitutional rights. Furthermore, we cannot say on these facts, as a matter of law, that Officer Kirby acted in an objectively reasonable manner. Therefore, the district court did not err by refusing summary judgment based on the defense of qualified immunity, and we affirm and remand this matter for trial on the merits.

AFFIRMED.