IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11046
Summary Calendar
_____

LORENZO THOMAS,
also known as James H. Thompson,

                                        Plaintiff-Appellee,

versus

JIM BOWLES, Etc; ET AL.,

                                        Defendants,

DALLAS POLICE OFFICER CREAMER;
DALLAS POLICE OFFICE ZAMORA;
DALLAS SHERIFF'S OFFICER NELSON,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CV-721-BC-G
- - - - - - - - - -

May 21, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jeffrey Creamer, Bradford Nelson, and Samuel Zamora appeal

the district court's denial of their motion for a summary

judgment dismissing Thomas Lorenzo's claims that they used

excessive force against him and that they failed to provide him

with adequate medical care after the second alleged incident of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

excessive use of force.  Creamer, Nelson, and Zamora argue that Thomas did not present sufficient summary judgment evidence to establish that a genuine issue of material fact exists which precludes the court from granting summary judgment.  We have interlocutory jurisdiction to determine whether Thomas' summary judgment facts state a claim under clearly established federal law.  See Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996); Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996).  Viewing the facts in the light most favorable to Thomas, we conclude that the district court did not err in holding that Thomas' allegations state a claim for excessive use of force against Creamer and state a separate claim for excessive use of force against Nelson and Zamora.  See Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993).  Thomas' allegations also state a claim against Nelson and Zamora for failure to provide adequate medical care after the second alleged incident of excessive use of force.  See Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

AFFIRMED.