IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10953
Summary Calendar

_____

HARDY ANTWINE; LORINE ANTWINE,

                                    Plaintiffs-Appellees,

versus

H. N. POTEET; K. L. PRYOR,

                                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1299-G
_____

June 26, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Officers H. N. Poteet and K. L. Pryor appeal the district court's denial of their motion for summary judgment based upon qualified immunity.  We have jurisdiction only to the extent that review is sought of an issue of law and not the district court's determination that sufficient evidence existed to create a question of fact with respect to a material issue.  Nerren v. Livingston Police Dep't, 86 F.3d 469, 471-72 (5th Cir. 1996).  When facts material to the question of qualified immunity are in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dispute, a denial of summary judgment is appropriate. <u>Mangieri v. Clifton</u>, 29 F.3d 1012, 1016 (5th Cir. 1994).

The officers argue that 1) their warrantless entry into Hardy and Lorine Antwine's house was justified because the officers were in hot pursuit of the Antwines' grandson, who had evaded a lawful detention by running into the house, 2) the officers' use of force against the Antwines was reasonable in light of the officers' need to arrest the grandson and the Antwines' interference with the officers' actions, and 3) the arrest of Lorine Antwine was justified because she was interfering with the officers' apprehension of the grandson in violation of Texas Penal Code Ann. § 38.15(a).

We conclude, as did the district court, that genuine issues of material fact exist such that we cannot determine the reasonableness of the officers' actions as a matter of law. Accordingly, we lack jurisdiction, and the appeal is DISMISSED.

For lack of compliance with the appropriate rules, the Antwines' request for attorney fees and court costs is not properly before this court. <u>See</u> <u>e.g.</u>, Fed. R. App. P. 39(d); 5TH CIR. R. 47.8.1.

2