**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-41361
Summary Calendar

MARIA GUAJARDO, Individually, on behalf of the estate of Juan Jose
Guajardo and as next friend of Thomas Guajardo, III, Cynthia
Guajardo and Caroline Guajardo, minor children,

Plaintiff-Appellee,

VERSUS

CITY OF BROWNSVILLE, et al.,

Defendants,

EDUARDO TREVIÑO, Individually and in his official capacity;
ANA HERNANDEZ, Individually and in her official capacity,

Defendants-Appellants,

Appeal from the United States District Court
For the Southern District of Texas
USDC No. B-97-CV-215

October 16, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Eduardo Treviño and Ana Hernandez appeal the district court's
denial of their summary judgment motion based on qualified
immunity. An order denying qualified immunity is immediately

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealable when based on conclusions of law rather than the presence of a genuine issue of contested material fact. See Palmer v. Johnson, 193 F.3d 346, 350 (5th Cir. 1999). However, "if the district court concludes that the summary judgment record raises a genuine issue of material fact with respect to whether the defense of qualified immunity is applicable, then that decision is not immediately appealable." Id. at 351.

The district court's denial of summary judgment as to Treviño was based on starkly differing versions of the facts surrounding the altercation that preceded the death of Juan José Guajardo, a pretrial detainee, which were offered through competent summary judgment evidence. The denial of qualified immunity as to Treviño was based on a genuine issue of material fact as to whether Treviño exerted force against Guajardo "'in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Valencia v. Wiggins, 981 F.2d 1440, 1446-47 (5th Cir.) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992) (providing a standard for determining whether force used was constitutionally excessive)), cert. denied, 509 U.S. 905 (1993). Because the denial of qualified immunity as to Treviño was based on a genuine issue of material fact rather than a question of law, this court does not have jurisdiction over Treviño's interlocutory appeal. His appeal is DISMISSED. See Palmer, 193 F.3d at 351.

On the other hand, appellate jurisdiction is not precluded

simply because the denial of a summary judgment based on qualified immunity contains a statement that "material issues of fact remain." Cantu v. Rocha, 77 F.3d 795, 803 (5th Cir. 1996) (quoting Behrens v. Pelletier, 516 U.S. 299, 312 (1996)). This court possesses jurisdiction to "'take as given, the facts that the district court assumed when it denied summary judgment' and determine whether these facts state a claim under clearly established law." Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996) (quoting Johnson v. Jones, 515 U.S. 304, 319 (1995)); see also Cantu, 77 F.3d at 803. Further, "where the district court does not identify those factual issues as to which it believes genuine issues remain, an appellate court is permitted to go behind the district court's determination and conduct an analysis of the summary judgment record to determine what issues of fact the district court probably considered genuine." Colston v. Barnhart, 146 F.3d 282, 285 (5th Cir.), cert. denied, 525 U.S. 1054 (1998).

The magistrate judge's report and recommendation adopted by the district court states that a bystanding officer such as Hernandez has the duty to "take reasonable measures to protect a suspect from another's use of force." Snyder v. Trepagnier, 142 F.3d 791, 801 n.11 (5th Cir. 1998); see Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). However, the report and recommendation concludes only that:

> With regard to Officer Hernandez, Garcia [an inmate witness] testified that during the alleged incident he heard Officer Hernandez call to Officer Treviño to "stop it" . . . . Further, Officer Hernandez testified that she and Officer Treviño should remove Guajardo's handcuffs, call their supervisor and call EMS. . . . A complete reading of this page reveals that EMS was in fact summoned almost immediately after Guajardo started having difficulty breathing.

The report and recommendation concludes that substantial differences in the stories told by the witnesses precludes a credibility determination, thus precluding summary judgment, but does not cite additional evidence nor articulate a clear legal conclusion as to how Hernandez's actions could result in her liability.

This court has jurisdiction over Hernandez's appeal because we may determine whether the facts assumed by the district court indicate a violation of clearly established law. See Nerren, 86 F.3d at 472. The district court erred in not finding any contested issue of fact to be material to Hernandez's entitlement to qualified immunity. Her appeal involves only the legal question whether the district court's factual findings, the plaintiff's allegations, and the summary judgment evidence viewed in the light most favorable to the plaintiff show that she violated clearly established law against using excessive force in an objectively unreasonable manner.

The undisputed facts show that Hernandez first saw the altercation after it had begun; that she did not know exactly what

had happened that she went to the aid of Treviño, who seemed to be in trouble, by helping him get Guajardo on the floor and handcuffed; and that she sought medical assistance for Guajardo when she observed him in distress. These facts undermine any claim that Hernandez intended to violate Guajardo's constitutional rights. But see Hale, 45 F.3d at 919 (denying summary judgment on qualified immunity for an officer who laughed and encouraged an officer using excessive force); Harris v. Chanclor, 537 F.2d 203, 205-06 (5th Cir. 1976) (upholding liability of a jail officer who stood by and watched a vicious beating of a detainee without objection and intervention, then refused to summon help for the detainee).

Moreover, even assuming Hernandez violated a clearly established constitutional right of Guajardo, the findings, allegations, and undisputed evidence show that Hernandez's conduct was objectively reasonable. Cf. Anderson v. Creighton, 483 U.S. 635, 641 (1987). The plaintiff does not explain how Hernandez's actions constituted excessive force nor does she suggest that her actions were objectively unreasonable. In light of the evidence, a reasonable officer could have believed that Hernandez's use of force was lawful.

The district court's denial of summary judgment as to Ana Hernandez's qualified immunity is REVERSED.