IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50893
Summary Calendar
_____


ALLAN BROWN; LOIS BROWN,

                                    Plaintiff-Appellees,

versus

WILSON COUNTY, Etc.; ET AL.,

                                    Defendants,

JOSEPH CICHERSKI, Wilson County
Animal Control Officer in his
official and individual capacity;
JOE D. TACKITT, Wilson County Sheriff
in his official and individual capacity;
JASON PRICE, Sheriff's Deputy
in his official and individual capacity;
CHRISTOPHER AYALA, Sheriff's Deputy
in his official and individual capacity;

                                    Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1473
--------------------
May 28, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph Cicherski, Jason Price, and Christopher Ayala appeal

the district court's denial of their motion for summary judgment

based on the defenses of qualified and official immunity.  Joe D.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tackitt likewise appeals the district court's judgment to the extent that it denied his motion for summary judgment based on the defenses of qualified and official immunity.

In an appeal from the denial of summary judgment, this court reviews the record de novo. Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).

Whether a public official is qualifiedly immune depends on two inquiries. Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir.), cert. denied, 528 U.S. 1022 (1999). First, a defendant is entitled to qualified immunity when a plaintiff has failed to allege the violation of a clearly established constitutional right. Id. Second, a defense of qualified immunity will succeed if the defendant's conduct was objectively reasonable at the time in light of clearly established law. Id. Under Texas law, government officials are immune from claims arising out of (i) their discretionary duties (ii) when performed in good faith (iii) in the scope of their authority. Cantu v. Rocha, 77 F.3d 795, 804 (5th Cir. 1996).

The appellants' motions should have been granted based on the Browns' failure to show a violation of their clearly established constitutional rights and on the appellants' good faith. The appellants adduced evidence indicating that the Browns had

consented to the search. The Browns did not produce competent summary-judgment evidence to rebut this showing. Because the search was consensual, it was valid. See United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993).

The Browns likewise cannot show a Fourth Amendment violation with respect to the presence of the media and volunteers at the search. The Supreme Court did not recognize that a Fourth Amendment violation arises from the presence of the media at a search until two years after the search that is at issue in the instant case. See Wilson v. Layne, 526 U.S. 603 (1999). Because this right was not clearly established at the time of the search, this claim falls to the defense of qualified immunity.

The Browns also have not shown that any clearly established rights were violated by the decision to use volunteers to help execute a warrant that authorized the seizure of over 100 animals.

The Browns have likewise not shown that their clearly established rights were violated in connection with the seizure of their dogs. We have previously confronted this issue in another appeal arising from this case, Brown v. Wilson County, No. 99-50442, slip op. at 11 (5th Cir. May 30, 2000). In that case, we reviewed Texas law and noted its "willingness, even if conditional, to view animals as something more than personal property subject to the vicissitudes of an owner's rage, abuse, or neglect." Id. at 11, quoting Pine v. State, 921 S.W.2d 866, 873 (Tex. App. 1996). We thus determined that "the law is not clearly established that an animal control officer cannot constitutionally seize all of a large

number of animals if a substantial number of them are being mistreated." Id.

Although the opinion in the prior appeal is nonprecedential, its analysis of the issue whether the seizure of the Browns' animals presents a violation of a clearly established constitutional rights applies with equal force to the instant case. Because it is not clear whether the seizure of the dogs violated the Browns' constitutional rights, the appellants' motions for summary judgment should have been granted with respect to the claims arising from this seizure. Our analysis of Pine similarly leads us to the conclusion that the appellants acted in good faith in connection with the search and seizure. They are entitled to assert the state-law defense of official immunity.

The Browns have not shown any violations of their clearly established rights in connection with the search and seizure that forms the basis for this suit. They also have not shown that the appellants acted in bad faith in carrying out this search and seizure. Accordingly, the judgment of the district court denying the motion for summary judgment of Ayala, Price, and Cicherski is REVERSED. The district court's judgment regarding Tackitt's motion for summary judgment is also REVERSED to the extent that it denied Tackitt's motion. Judgment is RENDERED in favor of Tackitt, Ayala, Price, and Cicherski.