**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**February 9, 2000**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-10104
Summary Calendar

KENNETH PAUL JONES,

Plaintiff-Counter Defendant-Appellee,

VERSUS

THE CITY OF GRAND PRAIRIE, TEXAS, ET AL.,

Defendants,

DENNIS MEYER, Detective,

Defendant-Counter Claimant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1907-H
---------------------
February 9, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Paul Jones filed suit in the district court, naming as defendants the City of Grand Prairie, Texas, and three of its officers. Jones alleged, among other things, that the individual defendants falsely arrested and maliciously prosecuted him. He also brought similar state-law claims against the defendants. On motions for summary judgment, the district court dismissed all

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims against the City and two of the officers. It only partially

granted summary judgment to the remaining officer, Detective Dennis Meyer. The court held that Meyer was not entitled to qualified immunity on Jones's federal claims for false arrest and malicious prosecution. It also rejected Meyer's arguments that he was immune under Texas law on Jones's similar state-law claims. According to the district court, Meyer's failure to include exculpatory evidence in an affidavit prepared for the second of two probable-cause hearings and his failure to call the evidence to the attention of prosecutors would violate clearly established constitutional law if Jones could demonstrate--as he alleged--that Meyer's omissions were intentional or reckless.

In an appeal from the denial of summary judgment, we review the record de novo. Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996). Although there is not ordinarily appellate jurisdiction to review immediately the denial of a motion for summary judgment, there is an exception when the motion was predicated on qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 525, 530 (1985). The district court's denial is reviewable to the extent it turned on issues of law, not fact. Id. at 528. Although we lack jurisdiction to review a district court's determination that there exist genuine issues of fact, we do have jurisdiction to review a determination that the issues of fact are material. Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S. Ct. 618 (1998). We conduct a de novo review of the

district court's conclusions about materiality. <u>Lemoine v. New Horizons Ranch and Ctr., Inc.</u>, 174 F.3d 629, 634 (5th Cir. 1999).

Jones argues that we lack jurisdiction over Meyer's appeal because Meyer concedes the existence of a Fourth Amendment right to be free from false arrest. Jones apparently is arguing that the only remaining questions are factual, whether he can prove the facts of a Fourth Amendment violation. In a case involving quite similar facts and claims, however, we held that we had jurisdiction to determine whether "contrary to the district court's judgment, enough uncontested facts exist to determine that [the defendants] are immune as a matter of law." <u>Hart v. O'Brien</u>, 127 F.3d 424, 436 (5th Cir. 1997). To that extent, then, we have jurisdiction over Meyer's appeal.

Meyer argues that the district court erred in overruling his objections to three affidavits submitted by Jones. We have jurisdiction to consider the district court's evidentiary rulings on relevant summary-judgment evidence, but we review only for manifest error. <u>Id.</u> at 437. Meyer's principal objection is that the three affiants expressed opinions about whether there was probable cause for Jones's arrest. So long as an affiant ties her opinion to relevant facts, there is no manifest error in a district court's consideration of an opinion whether probable cause existed. See <u>Hayter</u>, 154 F.3d at 274. We have reviewed the affidavits, and we perceive no manifest error in the district court's consideration of them.[1]

---

[1] Meyer also argues that the district court should have stricken (i) certain affidavits and declarations attached to the affidavit of one of the affiants, Peter Scharf, and (ii) any

Meyer argues that the district court should have held that he had qualified immunity from Jones's federal claims. Whether a public official is qualifiedly immune depends on two inquiries. Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir.), cert. denied, 1999 WL 812948 (U.S. Nov. 29, 1999) (No. 99-588). First, a defendant is entitled to qualified immunity when a plaintiff has failed to allege the violation of a clearly established constitutional right. Id. Second, a defense of qualified immunity will succeed if the defendant's conduct was objectively reasonable at the time in light of clearly established law. Id.

We turn first to Meyer's argument that he was qualifiedly immune from Jones's false-arrest claim. Meyer concedes that there is a clearly established constitutional right to be free from arrest without probable cause. See, e.g., Sanders v. English, 950 F.2d 1152, 1159 (5th Cir. 1992). However, he asserts that there was probable cause for Jones's arrest and that his conduct was, at all times, objectively reasonable. His failure to provide exculpatory evidence to the magistrate was, he says, at most negligence.

A false-arrest claim is not viable if the law-enforcement officer has probable cause. Sanders, 950 F.2d at 1159. "Probable cause is defined in terms of facts and circumstances sufficient to

---

mention of another of Meyer's cases in the affidavit submitted by Danny LaRue. The district court did not refer to any of this information in its order, and we conclude that the court did not rely on this information. Accordingly, we need not consider whether there was any error in the court's failure to strike the evidence. Hart, 127 F.3d at 437.

warrant a prudent man in believing that the suspect had committed or was committing an offense." United States v. Webster, 162 F.3d 308, 331 (5th Cir. 1998) (citations, internal quotations, and brackets omitted), cert. denied, 120 S. Ct. 83 (1999).  To prevail on a false-arrest claim, a plaintiff "must tender evidence establishing misconduct that exceeds mere negligence."  Sanders, 950 F.2d at 1159.  Normally, a neutral magistrate's determination that probable cause existed will insulate a police officer from a claim of false arrest.  Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).  However, if the officer, acting intentionally or with reckless disregard for the truth, fails to provide a magistrate with information that was critical to a finding of probable cause, then the officer may be held liable.  Hale v. Fish, 899 F.2d 390, 400 (5th Cir. 1990).

Viewing the evidence in the light most favorable to Jones, as the district court did, we hold that probable cause was vitiated by the information that Meyer withheld.  In Meyer's affidavit for an arrest warrant, he described the crime, the abduction and molestation of a four-year-old boy, in some detail.  However, there was little in the affidavit about the identity of the boy's attacker.  The affidavit noted that an officer had stopped Jones, who was white and wearing a mustache, near the boy's apartment complex shortly after the assault and that the officer had seen green plastic boxes in Jones's Suburban.  The affidavit also noted that Jones admitted having been at the complex selling candy.  Little in the affidavit, however, suggested that Jones was the boy's attacker.  According to the document, the child said only

that the attacker was a man with a "gray car" and that the man had a "lot of blue boxes in the car." The only identification of Jones in the affidavit was Rick Spurrier's; Spurrier, who was living with the boy's mother, had seen Jones near the complex shortly after it was discovered that the boy was missing.

When the boy was taken to a hospital, he told a nurse examiner that his attacker was a "big black" man, a description that would exclude Jones. Although there is no dispute that Meyer learned of this information before the second probable-cause hearing, he did not include it in the information presented to the magistrate. We conclude that had this information been presented to the magistrate, there would not have been sufficient information "to warrant a prudent man in believing that [Jones] had committed . . . an offense." Webster, 162 F.3d at 331. At most, a "corrected" affidavit would have suggested that Jones was in the vicinity when Justin was attacked. Without more, a person's mere proximity to the scene of a crime does not provide probable cause for the person's arrest. See, e.g., United States v. Ashcroft, 607 F.2d 1167, 1171 (5th Cir. 1979).

Meyer argues that probable cause existed because (i) Jones admitted to being at the complex at the time of the assault; (ii) he was seen, apparently by Spurrier, shortly after the assault; (iii) he was driving the type of vehicle described by Spurrier and the boy; (iv) Jones fit the description given by Spurrier and the boy; and (v) there was evidence that Jones had candy and toys in

his vehicle[2]. The first two of these merely place Jones in the vicinity, something that is insufficient to undergird a finding of probable cause. Ashcroft, 607 F.2d at 1171. Likewise, that Jones and his car fit the description given by Spurrier is meaningless, since Spurrier did not witness the attack.

Meyer's remaining arguments are unsupported by the record or involve disputed issues of fact. Nowhere in the affidavit does it suggest that Justin described his attacker, except for his statement that the man was wearing a *black shirt* and *blue pants*. The affidavit itself noted that Jones was wearing a *blue shirt* and *black shorts* when Hubbard stopped him. According to the affidavit, Justin described his attacker as having a "gray car"; it was Spurrier who reported seeing a gray Suburban. Although Justin saw blue boxes in his attacker's car, Jones's Suburban was found to contain green boxes. This one similarity is insufficient to support an inference that Jones was Justin's attacker. Finally, Meyer argues that candy and toys were seen by an officer in Jones's Suburban. The officer's affidavit, however, suggests only that boxes of candy were in Jones's Suburban. Nowhere does it state that Hubbard saw toys in the car, and Jones has disputed that fact. Despite Meyer's arguments, the omitted information was critical to a finding of probable cause.

Meyer also argues that his conduct was objectively reasonable. He stresses that he could reasonably have concluded that Jones was the attacker, especially by the time of the second probable-cause

---

[2] Spurrier testified that the boy said he had been lured by his attacker with candy and toys.

hearing. As noted above, however, little information in the affidavit tied Justin and Jones together. Given this, a reasonable police officer who knew, as Meyer did, that Justin had described his attacker as a black man would not have believed that there was probable cause to arrest Jones. More important, as the Ninth Circuit has held, it can be "**only** objectively **unreasonable** for a law enforcement officer deliberately or recklessly to make material omissions" in an affidavit for a warrant. Lombardi v. City of El Cajon, 117 F.3d 1117, 1127 (9th Cir. 1997) (emphasis added). See also id. at 1126 (holding that the test is whether the officer reasonably withheld the information, not whether the officer reasonably believed there was probable cause notwithstanding his material omissions).

Meyer contends that there is no evidence that his omission was anything more than mere negligence. It is true that Jones must show that Meyer's omission occurred not from negligence, but intentionally or with reckless disregard for the truth. Sanders, 950 F.2d at 1159; Hale, 899 F.2d at 400. In Hale, however, the court concluded that recklessness may be inferred when the officer's omission was "clearly critical" to a finding of probable cause. 899 F.2d at 400. In this case, too, we hold that a reasonable jury could find that the omitted evidence was "clearly critical." See Hindman v. City of Paris, Tex., 746 F.2d 1063, 1067 (5th Cir. 1984) ("[t]he issue of [an officer's] truthfulness and intent at the time [he] applied for the warrant is one of fact").

Jones has alleged the violation of a clearly established constitutional right, the right to be free from arrest without

probable cause. When supplemented with the information that Meyer withheld, Meyer's affidavit did not provide probable cause for Jones's arrest. Meyer's omission of "clearly critical" information from his affidavit was objectively unreasonable and, at the same time, an indication--at a minimum--of the recklessness necessary to find liability for false arrest. We hold that the district court did not err in denying summary judgment on the basis of qualified immunity on this claim.

Meyer also argues that he was entitled to qualified immunity as to Jones's claim of malicious prosecution. To maintain such an action, a plaintiff must show that (1) a criminal action was commenced against the plaintiff, (2) the prosecution was caused by the defendant or through the defendant's aid or cooperation, (3) the action terminated in plaintiff's favor, (4) the plaintiff was innocent, (5) the prosecution lacked probable cause for the proceeding, (6) the defendant acted with malice, and (7) the criminal prosecution damaged the plaintiff. Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999). As in the case of a false-arrest claim, a plaintiff must show more than mere negligence on the part of the defendant. Sanders, 950 F.2d at 1159.

Although Meyer concedes that this court has recognized a Fourth Amendment right to be free from malicious prosecution, he argues that the Amendment does not really authorize any such cause of action. Absent reconsideration of this by the en banc court, however, Jones's malicious-prosecution claim is viable. See FDIC v. Abraham, 137 F.3d 264, 268 (5th Cir. 1998) ("[w]e are, of course, a strict stare decisis court").

Meyer argues that Jones failed to make out a claim of malicious prosecution because he did not show a lack of probable cause. For the reasons previously discussed, however, we disagree: Once Meyer's affidavit is supplemented with the withheld information, probable cause is absent. Meyer argues that Jones failed to point to any evidence of deliberate misconduct. This argument has no relevance; the requisite recklessness reasonably could be inferred from the officer's omission. See Hale, 899 F.2d at 400; Hart, 127 F.3d at 442. Meyer argues that Jones has pointed to no evidence suggesting that he is innocent or that the prosecution was terminated in his favor. To satisfy this requirement, it is not necessary that the defendant have gone to trial and won an acquittal. See, e.g., Sanders, 950 F.2d at 1164. The relevant test is that the outcome be such that a jury reasonably could infer a lack of guilt. Evans v. Ball, 168 F.3d 856, 859 (5th Cir. 1999). A reasonable jury could find that Jones was innocent. Accordingly, we hold that the district court did not err in denying summary judgment based on qualified immunity on this claim.

Meyer argues that Jones's state-law claims of false arrest and malicious prosecution are barred by Texas's doctrine of qualified immunity. Without elucidation, Jones argues that we lack jurisdiction to consider this argument in an interlocutory appeal of the denial of qualified immunity under federal law. Indeed, in Cantu v. Rocha, 77 F.3d 795, 805 (5th Cir. 1996) (citing Swint v. Chambers County Comm'n, 514 U.S. 35 (1995)), we noted that the "Supreme Court has been reluctant to endorse the exercise of

pendant [sic] appellate jurisdiction over rulings that, while being related to the denial of qualified immunity, are not themselves independently appealable prior to judgment." The exercise of this pendent appellate jurisdiction is proper only when an issue is "inextricably intertwined" with an appealable issue or when appellate consideration is "necessary to ensure meaningful review" of an appealable issue. Cantu, 77 F.3d at 805. In Cantu, the court declined to consider the defendants' non-qualified-immunity grounds. Id. However, in Cantu and other cases, see, e.g., Morin v. Caire, 77 F.3d 116, 119-20 (5th Cir. 1996), we have reviewed state-law questions of qualified immunity because they involved the same considerations involved in reviewing a questions of federal qualified immunity. We do so here as well.

Under Texas law, government officials are immune from claims arising out of (i) their discretionary duties (ii) when performed in good faith (iii) in the scope of their authority. Cantu, 77 F.3d at 808. "An official acts in 'good faith' if any reasonably prudent officer could have believed that the conduct was consistent with the plaintiff's rights." Id. This test "focuses solely on the objective legal reasonableness of the officer's conduct." Id. at 809. See also id. at 808-09 (noting that unlike the federal law on qualified immunity, Texas does not concern itself with whether a plaintiff alleged a clearly established constitutional right). As we suggested when addressing Jones's federal claims, a reasonably prudent officer would not have believed that failing to forward the exculpatory evidence from the nurse examiner's notes was "consistent with [Jones's] rights." Id. at 808. This is

certainly true when the exculpatory evidence would, as here, have vitiated the probable cause established in the officer's affidavit for arrest.  See Lang v. City of Nacogdoches, 942 S.W.2d 752, 764 (Tex. App. 1997, writ denied) ("[i]n false arrest cases, the question of good faith turns on whether the officer had probable cause to make the arrest").  The district court did not err in its denial of summary judgment based on state-law qualified immunity.

Finally, Meyer argues that the district court erred in failing to dismiss Jones's state-law claims pursuant to TEX. CIV. PRAC. & REM. § 101.106, a section of the Texas Tort Claims Act that provides immunity in some situations to the employees of a governmental unit.  As we just noted, however, we do not have appellate jurisdiction to consider every ruling of the district court that may be related somewhat to its denial of qualified immunity.  See Cantu, 77 F.3d at 805.  The exercise of pendent appellate jurisdiction is appropriate only when a claim is "inextricably intertwined" with the denial of qualified immunity or when resolution of the issue is "necessary" to resolve the question of qualified immunity.  Id.  Neither condition is satisfied here.  The question whether TEX. CIV. PRAC. & REM. § 101.106 bars Jones's state-law claims against Meyer involves considerations wholly unrelated to qualified immunity.  See generally Thomas v. Oldham, 895 S.W.2d 352 (Tex. 1995).  Furthermore, resolution of the issue is not necessary to decide whether Meyer was entitled to qualified immunity under federal law.  Accordingly, we dismiss this part of Meyer's appeal for want of jurisdiction.

In sum, we find no manifest error in the district court's evidentiary ruling. On the question of qualified immunity under federal law, we hold that the district court did not err in denying Meyer's motion for summary judgment as to Jones's false-arrest and malicious-prosecution claims. As to Meyer's claims of state-law immunity, we have jurisdiction only to consider the applicability of Texas's doctrine of qualified immunity. On that matter, the district court did not err in holding that Meyer was not qualifiedly immune under state law.

AFFIRMED IN PART and DISMISSED IN PART.