**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 9, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 03-40573
Summary Calendar

---

JAMES E. JENKINS,

                                                            Plaintiff-Appellant,

versus

Lee, Dr.; ET AL.,

Defendants,

Lee, Dr.,

                                                            Defendant-Appellee.

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-191
---------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

        James E. Jenkins, Texas inmate # 599106, appeals the summary-judgment dismissal, on grounds of qualified immunity, of his civil rights action filed pursuant to 42 U.S.C. § 1983. Jenkins claimed that the defendant, Dr. Lee, was deliberately indifferent to his serious medical needs because Dr. Lee prescribed Verapamil rather than Clonidine for Jenkins' high blood pressure. Jenkins presented evidence showing that Dr. Lee continued to prescribe Verapamil, and to refuse Jenkins' requests for Clonidine, after Jenkins complained of discomfort, lightheadedness, dizzy spells, and nausea, and suffered a blackout due to high blood pressure.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews <u>de novo</u> the grant of a motion for summary judgment. <u>See</u> <u>United States v. Lawrence</u>, 276 F.3d 193, 195 (5th Cir. 2001). In order to preclude summary judgment, there must be sufficient summary-judgment evidence to raise a fact issue as to the defendant's deliberate indifference. <u>See</u> <u>Nerren v. Livingston Police Dep't.</u>, 86 F.3d 469, 473 n.27 (5th Cir. 1996). A prison official acts with deliberate indifference "only if he knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

We have reviewed the briefs and the record on appeal and conclude that the district court did not err in granting summary judgment in favor of Dr. Lee. The undisputed summary-judgment evidence is that Verapamil is the therapeutic equivalent of Clonidine. Jenkins has not shown that there is sufficient evidence to support a conclusion that Dr. Lee was deliberately indifferent for treating him with Verapamil rather than with Clonidine. <u>See</u> <u>Nerren</u>, 86 F.3d at 473 n.27. The summary-judgment evidence and Jenkins' argument reflect nothing more than mere disagreement with the care rendered by Dr. Lee, or, at best, malpractice, which are insufficient to establish a constitutional violation. <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.