United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30539
Summary Calendar

HAROLD J. VINCENT,

Plaintiff-Appellee,

versus

RICHARD L. STALDER; JOHNNY CREED; KELLY WARD, Warden;
RAY HANSON, Colonel,

Defendants-Appellants.

**Appeal from the United States District Court
for the Middle District of Louisiana
(3:01-CV-665-M1)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Stalder, Johnny Creed, Kelly Ward, and Ray Hanson
(Appellants) appeal the partial denial of their qualified immunity-
based summary judgment motion in response to Plaintiff-Appellee
Vincent's retaliation and failure to protect claims. Appellants'
motion to reconsider was also denied. The district court did not
explicitly address Appellants' qualified immunity claim in its
denial of their summary judgment motion, and they did not re-assert
qualified immunity in their motion to reconsider.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants' notice of appeal designated only the 20 May 2004 denial of their motion to reconsider. When an appellant "notices the appeal of a specified judgment only or a part thereof, ... this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal". *Warfield v. Fidelity and Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990). Appellants' notice of appeal also identified their intention to appeal the underlying denial of the qualified immunity-based summary judgment. Therefore, Appellants are not precluded from appealing the denial of summary judgment. *See Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1147-48 (5th Cir. 1992).

The denial of summary judgment based on qualified immunity is immediately appealable only when based on an issue of law. *E.g., Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999). Orders determining "only a question of 'evidence sufficiency'" are not based on an issue of law and are not immediately appealable. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

The district court held disputed material issues of fact precluded summary judgment on Vincent's retaliation and failure to protect claims. Because the district court based its denial of summary judgment on issues of fact, rather than of law, we lack jurisdiction to review the district court's implied rejection of the qualified immunity defense. *See Johnson*, 515 U.S. at 319-20.

Appellants' contentions center on evidence sufficiency issues and contend generally that Vincent has not shown a genuine issue of fact for trial.  On interlocutory appeal of a qualified immunity defense, we cannot review "whether the nonmovant presented sufficient summary judgment evidence to create a dispute of fact", or the district court's assessment of what facts are established by, or inferable from, the record.  ***Nerren v. Livingston Police Dep't***, 86 F.3d 469, 472 (5th Cir. 1996).  *See also* ***Palmer v. Johnson***, 193 F.3d 346, 351 (5th Cir. 1999).

*APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED*