United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40909
Summary Calendar

_____

ELIJAH W. RATCLIFF,

                                        Plaintiff-Appellant,

versus

BRIAN KEITH RAINWATER; CITY OF
LIVINGSTON, TEXAS; LONNY HUTCHINSON;
LEON MIDDLETON,

                                        Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 9:03-CV-48)
_____

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

        The orders dismissing the claims against appellees are affirmed for the following

reasons:

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1. Appellant Elijah Ratcliff brought this suit against appellees Brian Rainwater, the City of Livingston, Lonny Hutchinson, and Leon Middleton, alleging civil rights and state law claims. The district court dismissed the suit on motions to dismiss for failure to state a claim. Reviewing the pro se complaint de novo, and construing it liberally, we agree with the district court that dismissal of the suit for failure to state a claim was warranted

2. The district court entered two orders granting appellees' motions to dismiss. The first order dismissed appellee Rainwater. The second order dismissed all claims against the remaining defendants. While the district court did not enter a separate document in the record styled a "final judgment," the second order of dismissal and the docket sheet, indicating the granting of the order and simultaneous closing of the case, manifested the intent of the district court that the second order serve as the final decision in the case. The parties did not object to the absence of a separate judgment, but instead proceeded with this appeal, and in these circumstances the parties have waived the separate-judgment requirement of FED. R. CIV. P. 58. Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978).

3. The claims against Rainwater are plainly barred by res judicata. A separate suit by Ratcliff against Rainwater in the same court ended in a jury verdict and judgment in favor of Rainwater on the claims arising out of the automobile accident involving these two parties. Res judicata "prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or opposition to the cause of

2

action asserted in the prior action." United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis omitted). A judge may take judicial notice of the record in a prior related proceeding over which he presided. See Santibanez v. Wier McMahon & Co., 105 F.3d 234, 240 (5th Cir. 1997).

4. To the extent Ratcliff raises arguments relating to the first suit against Rainwater, those issues are not properly before us in this appeal of the second suit.

5. Ratcliff was convicted of failure to yield in state court. The civil rights claims against the remaining defendants are inconsistent with and necessarily imply the invalidity of that conviction, and are therefore barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). Similarly, insofar as the complaint can be construed as alleging a cause of action for malicious prosecution, an essential element under state law not met here is the requirement that the prosecution terminated in the plaintiff's favor. See Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000); Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994). Appellees submitted the conviction of Ratcliff, a matter of public record, with their motion to dismiss. The district court may refer to matters of public record when deciding a Rule 12(b)(6) motion to dismiss. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

6. Insofar as Ratcliff alleges in his complaint that the City of Livingston was negligent "in failing to post a proper speed limit and hazardous curve markers," section 1983 liability does not extend to conduct that is merely negligent. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).

Ratcliff further failed to allege a policy or custom that could serve as a basis for municipal liability under federal law.  See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).  A state law claim against the city is likewise foreclosed because, among other reasons, the Texas Tort Claims Act excludes claims based on the placement of traffic and road control devices.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.060 (Vernon 1997).

7.  Ratcliff's motion to recuse the district judge was conclusory, baseless, and unsupported by any evidence.  In addition, the relief requested on appeal appears to be limited to disqualifying the district judge from presiding further in these proceedings, appellant's brief at 24, so the request is now moot.

AFFIRMED.

4