United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10262
Conference Calendar

_____

NATHAN ELGIA MCCLOUD,

                                        Plaintiff-Appellant,

versus

CITY OF FORT WORTH, TEXAS; KENNETH L. BARR, Mayor;
RALPH MENDOZA, Police Chief; UNKNOWN AGENT(S), Federal
Bureau of Investigation Agent in Charge; DOC NLN, Fort Worth
Detective; UNKNOWN OFFICER, City of Fort Worth Detective,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1417-A
- - - - - - - - - - -

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Nathan E. McCloud, a Texas prisoner (# 1022520), filed this
pro se, in forma pauperis ("IFP") complaint pursuant to 42 U.S.C.
§ 1983, alleging that he had been unconstitutionally arrested and
imprisoned without probable cause, in connection with charges
apparently unrelated to the prison sentence he is now serving.
McCloud appeals the district court's sua sponte dismissal of his
complaint for failure to state a claim upon which relief may be
granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

-------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McCloud contends that the district court erred in dismissing his claims against the City of Fort Worth and its mayor and police chief.  The district court did not err in concluding that McCloud had stated no cognizable claim against these defendants because he had failed to show personal involvement by either the mayor or police chief, see Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995), and had failed to identify an unconstitutional policy adopted or promulgated by the City.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  To the extent that McCloud has alleged that a Fort Worth detective, whom he identifies only as "Doc," and an unnamed FBI agent caused him to be imprisoned on the basis of statements by an incarcerated informant, McCloud's conclusion that his own confinement was thus without probable cause is not supported by his allegations.  See Maryland v. Pringle, 124 S. Ct. 795, 800 (2003); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).  Moreover, McCloud acknowledges that he appeared before a magistrate for a probable-cause determination, which insulated the officers from liability for his unconstitutional-confinement claim.  See Taylor v. Gregg, 36 F.3d 453, 457 (5th Cir. 1994).  The district court did not err in dismissing McCloud's complaint for failure to state a claim. See Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003).

McCloud's appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous.  5TH CIR. R. 42.2.  As McCloud is now a prisoner, the dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's

dismissal of his complaint for failure to state a claim.  <u>See</u>

<u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  McCloud

is cautioned that if he accumulates three strikes, he will not be

permitted to proceed IFP in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is

under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C.

§ 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.