SKYLINE AIR SERVICE, INC., Plaintiff,

Americas Insurance Company, Plaintiff–Appellant,

v.

G.L. CAPPS COMPANY, et al., Defendants,

Bell Helicopter Textron, Inc., Defendant–Appellee.

No. 90–3081
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1990.

Dale W. Poindexter, Poindexter & Bowers, New Orleans, La., for plaintiff-appellant.

Jesse R. Adams, Jr., D. Russell Holwadel, Gordon, Arata, McCollam & Duplantis, New Orleans, La., for defendant-appellee Bell.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

Americas Insurance Company (Americas) appeals the district court's summary judgment, entered pursuant to Fed.R.Civ.P. 54(b), finding Bell Helicopter Textron, Inc. (Bell) met the required criteria of a government contractor under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).

Americas argues on appeal that: (1) the district court erred by considering a government contract other than the one under which the helicopter at issue was produced; and (2) genuine issues of material fact exist as to whether the cause of the helicopter's crash was a manufacturing, rather than a design, defect. We AFFIRM.

## I.

In August 1985, a military surplus Bell model UH-1B helicopter owned by Skyline Air Service, Inc. (Skyline), crashed near St. James, Louisiana, during a log hauling operation. As a result, the pilot was killed and the aircraft was damaged extensively. The National Transportation Safety Board concluded that the cause of the crash was engine failure or loss of power. Americas Insurance Company, as subrogee of Skyline, its insured, filed an action for damages against, among others, Bell, the manufacturer of the helicopter.

Bell moved for summary judgment, asserting the government contractor defense, and included in support, among other items, a copy of a contract allegedly similar to the contract between Bell and the government for the helicopter at issue and the affidavit of Dan McCrary, vice-president of government contracts/pricing, a

Bell employee since 1955. McCrary stated that: he had worked in contract administration for Bell for 23 years and supervised the production contracts for the UH-1B, UH-1C, and UH-1D helicopters which Bell produced for the Army under government contract; and he was "fully knowledgeable about the procedures followed in such contracting." The affidavit and contract further show that Bell was required to "strictly adhere to previously established, Government-approved specifications"; to follow government specified procedures to assure compliance with those specifications; and to design and manufacture the helicopter precisely in accordance with the specifications—"[n]o deviations to the specifications or drawings were permitted without Government approval." Americas offered no opposing evidence to these assertions.

The district court entered summary judgment for Bell and certified the judgment pursuant to Fed.R.Civ.P. 54(b).

## II.

"Summary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corporation*, 866 F.2d 135, 137 (5th Cir.1989) (quoting *Bynum v. F.M.C. Corp.*, 770 F.2d 556, 576 (5th Cir.1985)); Fed.R. Civ.P. 56(c). If the movant meets its burden by demonstrating the absence of a genuine issue of material fact, then the burden shifts to the opposing "party to demonstrate through affidavits or other competent evidence that a genuine issue of material fact exists for trial." *Xerox*, 866 F.2d at 137. "Mere allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are not enough." *Id.* (quoting *Bynum*, 770 F.2d at 576). We apply this same test on appeal. *Trial v. Atchison Topeka & Santa Fe R.R.*, 896 F.2d 120, 122 (5th Cir.1990).

### A.

Americas' first challenge rests primarily on Bell's failure to produce the contract under which the helicopter was produced.[1] This argument is unavailing.

■ In addressing this issue, we must first address the government contractor defense raised in the district court, which preempts state tort law in areas of unique federal interest. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). The rationale is that: "It makes little sense to insulate the Government against financial liability for the judgment that a particular feature of military equipment is necessary when the Government produces the equipment itself, but not when it contracts for the production." *Id.* 108 S.Ct. at 2518. Both implicate the government's interest in "getting the Government's work done." *Id.* at 2514.

The *Boyle* Court thus held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." 108 S.Ct. at 2518. "*Boyle* further held that the government contractor defense applies to both negligence and strict liability actions, as well as to other state law tort claims." *Smith v. Xerox Corp.*, 866 F.2d 135, 137 (5th Cir.1989). *Boyle* does not require that the specific government contract be provided; so long as the movant otherwise establishes the above-described elements, the government contractor defense is available.

■ Recently, in *Smith v. Xerox Corp.*, this court addressed a challenge similar to that raised here. In *Xerox*, the party opposing summary judgment argued that "Xerox failed to establish affirmatively that the government had approved reasonably precise specifications for the [weapon simulator] because the original specifications were never produced; Xerox only produced a set of modified specifications dated ... over a year after [plaintiff's] accident." 866 F.2d at 137. This court found Xerox nevertheless met its burden by producing a list of specifications, a copy of the original government performance criteria, and a production contract for a series of the weapon simulators specifically referencing government-approved specifications. *Id.* at 138.

Bell presented sufficient evidence to establish that the United States approved reasonably precise specifications, especially in light of Americas' failure to challenge any of the information or produce contradictory evidence.

Moreover, the local rules required Americas to specify the material facts creating a genuine issue for trial.[2] Americas lists the contested material facts as: (1) the cause of the crash (2) whether Bell manufactured the short shaft and (3) whether engine failure, if a cause of the crash, resulted from

---

**1.** McCrary's affidavit states:

The UH–1B helicopter, ... was built for the United States Army under a production contract ... in 1963. I have conducted an extensive search for the contract under which [the accident helicopter] was produced. However, Bell does not now have a copy of the contract. Apparently, they were disposed of pursuant to Bell's formal policy of discarding contracts after about ten years. I have located another UH–1B contract ... under which Bell produced 500 UH–1B's and 1,613 UH–1D's dated June 30, 1966. The terms of this contract with regard to specifications for design and production are identical to those of the contracts under which Bell produced UH–1B's in 1963. In fact, the 1966 contract makes no distinction between the 1B and 1D models with regard to the strict nature and degree of

adherence to Government specifications required by the contract. There is little or no difference between Bell's contracts for UH–1B production and the contracts for Bell's production of other "Huey" models....

**2.** Fed. Local Ct. Rules, E.D., M.D., W.D. La. Rule 2.10M, provides:

Opposition to Summary Judgment. Each copy of the papers opposing a motion for summary judgment shall include a separate short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless specifically denied.

defective materials and workmanship. Americas did not dispute Bell's statement of these facts: Bell delivered the helicopter to the Air Force in 1963; at that time, a military inspector inspected the aircraft and certified that the helicopter complied with all military specifications; the government contracts required Bell to adhere strictly to previously established, government-approved detailed specifications for the helicopters; Bell strictly followed such procedures to ensure compliance with the specifications; the government closely reviewed, revised, and approved each of the detailed specifications for the UH–1B; and no deviations were allowed without specific written governmental approval. Americas not only failed to present any contradictory evidence, it also failed to challenge in the district court whether Bell adequately demonstrated that the helicopter was the product of a government-approved, reasonably precise design. Rather, Americas relies on its argument that Bell failed to produce the exact contract for the accident helicopter. This reliance is misplaced—especially when four years passed between the accident and summary judgment.

The same holds true for the second and third elements of the *Boyle* test. Bell presented sufficient evidence, given its unchallenged status, to demonstrate that the equipment conformed to government specifications and that there was not an issue as to whether Bell warned of any dangers unknown to the government.

■ If the moving party for summary judgment meets its burden of proof the opponent must present more than a "metaphysical doubt" about the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Matter of Lewisville Properties, Inc.*, 849 F.2d 946, 950 (5th Cir.1988). Americas has failed to do so.

### B.

■ Americas also argues the cause of the crash may have been a manufacturing, rather than a design, defect, and therefore arguably not covered by the government contractor defense. We need not decide the merits of this argument, because Americas failed to create a genuine issue for trial. Rather, Americas relied solely on its pleadings which allege a manufacturing defect in the helicopter's short shaft. Americas only evidence was two photographs depicting the helicopter wreckage and an accompanying compressor examination report (attached to the response to summary judgment). As Bell notes, the photographs are not explained, nor is the alleged manufacturing defect articulated. Bell presented evidence that the National Transportation Safety Board report described the short shaft as failing during impact, *after* the accident occurred. Bell met its burden, and Americas has failed to meet the shifted burden through competent evidence. *See Xerox Corp.*, 866 F.2d at 137.

### III.

For the foregoing reasons, summary judgment is

AFFIRMED.