United States Court of Appeals,

Fifth Circuit.

No. 93-9088.

Dwayne TAYLOR and Charles D. Dixon, Plaintiffs-Appellants,

v.

Greg GREGG and City of Lubbock, Texas, Municipality, Defendants-Appellees.

Oct. 28, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA, SMITH and PARKER, Circuit Judges.

PER CURIAM.

Plaintiffs brought a § 1983 action seeking damages for violation of their constitutional rights, and pendant state law claims under the Texas Tort Claims Act against Defendants. The district court, Honorable Halbert O. Woodward, granted summary judgement in favor of Defendants. For the reasons discussed below we AFFIRM.

FACTS

On September 16, 1990, Appellants Taylor and Dixon were returning, with a group of friends, from a Dallas Cowboys game on an American Airlines Flight. Part of this group was rowdy and ignored the flight crews' instructions. Upon landing the pilot refused to dock until Lubbock law enforcement authorities were on the scene. The authorities were notified and they, including Officer Gregg, responded to the call. The passengers were instructed to remain seated while security personnel boarded the plane.

Flight attendants pointed out the individuals who were allegedly causing the most trouble. The officers proceeded to arrest these individuals. The facts are disputed as to what happened next. Appellants contend that Dixon asked Officer Gregg, "what are the charges against my friends?" Officer Gregg contends that Dixon became very agitated and vocal, telling Officer Gregg that he couldn't take these people to jail because they had not done anything. Officer Gregg arrested Dixon. Appellants contend that Taylor then stood up and voiced opposition to Officer Gregg's arrest of

Dixon. Officer Gregg contends that Taylor blocked the aisle with his massive frame and began yelling in a loud voice. Officer Gregg then arrested Taylor.

Taylor and Dixon were brought before a United States Magistrate and later indicted by a grand jury for violation of 49 U.S.C.App. § 1472(j), interference with a flight crew. Thereafter, Appellants entered into a pre-trial diversion agreement with United States Attorney's Office. Appellants subsequently filed suit against Defendants claiming violation of their constitutional rights under 42 U.S.C. § 1983. The district court granted summary judgment and this appeal ensued.

## Discussion

This Court reviews a grant of summary judgment *de novo* by evaluating the district court's decision using the same standards that guided the district court. *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988). We review the evidence and inferences in the light most favorable to the non-movant. *McGregor v. Louisiana State Univ. Bd. of Sup'rs,* 3 F.3d 850, 855 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994). We will affirm the grant of summary judgment if there exists no genuine issue of material fact and the movant was entitled to judgment as a matter of law. *Id.* In reviewing the record and the briefs of the parties and taking all reasonable inferences in the light most favorable to Appellants, We find no genuine issue of material fact and conclude that Defendants are entitled to judgment as a matter of law.

## I. Malicious Prosecution

To prevail on a malicious prosecution claim in Texas, the Fifth Circuit requires the plaintiff to show that (1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *Brown v. United States,* 653 F.2d 196, 198 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). The district court held that Appellants failed to show that the criminal action was terminated in their favor. The district court reasoned that a favorable termination must answer the question of guilt or innocence, and a pre-trial diversion order leaves open the question of defendants' guilt. Therefore, the issue before this

Court is whether a pre-trial diversion agreement terminates the criminal action in the plaintiff's favor.

Pre-trial diversion is an alternative to prosecution that diverts certain offenders from traditional criminal justice processing into a program of supervision. The offenders must acknowledge responsibility for their actions, but need not admit guilt. *See* UNITED STATES ATTORNEY'S MANUAL, ch. 22, 9-22.400. "Participants who successfully complete the program will not be charged or, if charged, have the charges against them dismissed; unsuccessful participants are returned for prosecution." *Id.,* 9-22.000. The Fifth Circuit has not addressed whether a pre-trial diversion agreement is a favorable termination of a criminal action for purposes of maintaining a malicious prosecution claim. Our brethren of the Second Circuit, however, have held that agreements of this nature preclude a § 1983 malicious prosecution claim.

In *Singleton,* the court dismissed an action for malicious prosecution, holding that the plaintiff failed to show that the criminal prosecution had terminated in the plaintiff's favor. *Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). The plaintiff consented to an adjournment in contemplation of dismissal[1] of his criminal prosecution. The plaintiff then brought a § 1983 action for malicious prosecution. The Second Circuit stated that proceedings are terminated in favor of the accused only when their final disposition indicates that the accused is not guilty. *Id.* at 193. An adjournment in contemplation of dismissal leaves open the question of the accused's guilt. The adjournment statute permits dismissal of the charges, and permits the arrest and prosecution to be deemed a nullity. The statute does not authorize a finding of "not guilty," it simply permits the court to expunge the record. An adjournment in contemplation of dismissal is "[a] procedure not unlike probation designed as a special break, given usually to first time offenders." *Id.* at 194 (internal quotations omitted). During the "probationary" period the offender is supervised, usually to determine whether he has complied with the requirements established by the court. If the requirements are met, the charges are dismissed. Under this arrangement "an adjournment in contemplation of dismissal is far from being in all respects favorable to the defendant." *Id.* Other courts addressing this issue have come to a similar conclusion. *See*

[1]N.Y.Crim.Proc.Law § 170.55.

*Tucker v. Duncan,* 499 F.2d 963, 964-65 (4th Cir.1974); *Cissell v. Hanover, Ins. Co.,* 647 F.Supp. 757, 758-60 (E.D.Ky.1986); *Lindes v. Sutter,* 621 F.Supp. 1197, 1200-02 (D.N.J.1985); *Konon v. Fornal,* 612 F.Supp. 68, 69-71 (D.Conn.1985).

The *Singleton* court relied on public policy concerns in support of its holding. *Singleton,* 632 F.2d at 194. Holding an adjournment in contemplation of dismissal to be a termination in the plaintiff's favor for purposes of bringing a malicious prosecution claim would have a chilling effect on prosecutors' willingness to enter into these type of arrangements. Prosecutors would be less willing to agree to an adjournment in contemplation of dismissal if the defendant could then turn around and sue the prosecutor under Section 1983 for malicious prosecution. Additionally, no purpose would be served if dismissing the criminal action merely postponed the litigation of guilt or innocence to a later date in a civil trial. The more prudent course would be to try the defendants, determining their guilt or innocence, thereby saving the court and parties both time and money.

We agree with the Second Circuit and adopt its holding and reasoning. Entering a pre-trial diversion agreement does not terminate the criminal action in favor of the criminal defendant for purposes of bringing a malicious prosecution claim. By entering these agreements, criminal defendants are effectively foregoing their potential malicious prosecution suit in exchange for conditional dismissal of their criminal charges.

II. False Arrest

Appellants contend that the district court erred in ruling that the chain of causation for false arrest was broken by Appellants' appearance before the magistrate and a grand jury indictment. The basis for Appellants' contentions rest on their assertion that the magistrate did not make any findings regarding probable cause and that the indictment was based in part on a fraudulent police report. Furthermore, Appellants contend, Officer Gregg is liable under Section 1983 for tendering false information to the prosecuting authorities. Officer Gregg's participation in their prosecution was tainted with false and misleading allegations.

It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of

causation for false arrest, insulating the initiating party. *Wheeler v. Cosden Oil and Chemical Co.,* 744 F.2d 1131, 1132 (5th Cir.1984); *Thomas v. Sams,* 734 F.2d 185, 191 (5th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.1982), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982); *Rodriguez v. Ritchey,* 556 F.2d 1185, 1193 (5th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). This Court has held that "an officer who acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party." *Hand v. Gary,* 838 F.2d 1420, 1427 (5th Cir.1988) (internal quotations omitted). The *Hand* court emphasized that the chain of causation is broken only where all the facts are presented to the grand jury or magistrate and the malicious motive of the officer does not lead him to withhold any relevant information. *Id.* at 1428.

Appellants contend that the intermediaries' findings were based on false and misleading information. This contention is insufficient for a reversal. The *Hand* court stated that "[a]n independent intermediary breaks the chain of causation unless it can be *shown* that the deliberations of that intermediary were in some way tainted by the actions of the defendants." *Id.* (emphasis added). Once the moving party to a summary judgment makes a showing that no genuine issue of material fact exists, the burden shifts to the opposing party who must counter with sufficient evidence showing a genuine issue. *See Skyline Air Service, Inc. v. G.L. Capps Co.,* 916 F.2d 977, 980 (5th Cir.1990). Mere allegations are insufficient. No summary judgment evidence was presented by Appellants except for the assertions that Officer Gregg's report tainted the intermediaries' decisions. No showing was made that the report or the testimony of Officer Gregg was relied upon by the magistrate or the grand jury. Therefore, Defendants were entitled to summary judgment as a matter of law. Because the chain of causation was broken we do not reach the issue of whether a pre-trial diversion agreement bars a Section 1983 suit for false arrest.

III. Texas Tort Claims Act

Appellants contend that they should be allowed to pursue their pendant state law claims under the Texas Tort Claims Act. Section 101.057 expressly provides that claims for "false imprisonment or any other intentional tort" are not covered by this act. Because all of Appellants' alleged damages arose out of their claims for false arrest and malicious prosecution, the district court correctly granted summary judgment. *See City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex.App.—San Antonio, 1990, writ denied). After reviewing the record and Appellants' briefs, we find the other issues raised on appeal meritless.

For the reasons discussed above, the rulings of the district court are AFFIRMED.