IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40202
Summary Calendar
_____


HARRIS GENE HALE,

                                        Plaintiff-Appellant,

versus

CHRISTOPHER CLAYTON, ETC.; ET AL.,

                                        Defendants,

CHRISTOPHER CLAYTON, Officer, Longview Police Department
Individually and in official capacity;
RILEY TAYLOR, Detective, Longview Police Department
Individually and in official capacity,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-343
---------------------


September 30, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Harris Gene Hale, TDJC #322484, appeals the dismissal with
prejudice of his civil rights suit alleging false arrest and
malicious prosecution filed pursuant to 42 U.S.C. § 1983.  Hale
argues that the district court erred in dismissing his false

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

arrest claim because he was arrested without a warrant and the grand jury indictment did not act as an independent intermediary breaking the causal chain and insulating the defendants from liability. Hale also argues that his malicious prosecution claim should not have been dismissed because the defendants acted without probable cause. Hale has not briefed the issues of whether the district court properly dismissed the prosecutor and judge or whether the district court properly dismissed his unreasonable search claim, and those claims are deemed waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court properly dismissed Hale's false arrest claim because the decision of the grand jury to indict him broke the chain of causation. See Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).

The district court erred in dismissing Hale's malicious prosecution claim against Detective Riley Taylor and Officer Christopher Clayton because Hale sufficiently alleged his claim. See Taylor, 36 F.3d at 455. The district court's reliance on the grand jury indictment alone was insufficient to insulate state actors from an action for malicious prosecution. See Hand v. Gary, 838 F.2d 1420, 1426 (5th Cir. 1988).

Accordingly, the district court's dismissal of the action is AFFIRMED, with the exception that the district court's dismissal of the malicious prosecution claim against Taylor and Clayton is VACATED, and the case is REMANDED.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.