United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40824
Summary Calendar
_____

GRAYLAND ARTHUR ARNOLD,

Plaintiff-Appellant,

versus

SOUTHEAST TEXAS NARCOTICS
& INTELLIGENCE TASK FORCE; ET AL.,

Defendants,

SOUTHEAST TEXAS NARCOTICS & INTELLIGENCE TASK FORCE; Individually
and officially as Commander of Southeast Texas Narcotics &
Intelligence Task Force; PATRICIA EIKHOFF, Individually and
officially as an Agent of Southeast Texas Narcotics &
Intelligence Task Force; KOUNTZE POLICE DEPARTMENT; MIKE PARRISH,
Individually and officially as Chief of Police for Kountze Police
Department; LELAND DALE KEEN, Individually and officially as
Sergeant of Kountze Police Department; MATT CUSTER, Individually
and officially as an Officer of Kountze Police Department;
UNIDENTIFIED PARTY,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-784
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

-----

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Grayland Arthur Arnold, federal prisoner #06584-078 appeals from the dismissal of some claims against some defendants in his 42 U.S.C. § 1983 action for failure to state a claim and the grant of summary judgment for the defendants on some other claims. Arnold raises numerous contentions regarding the quality of the evidence in the record, the existence of probable cause for his arrest for a November 7, 1997, drug transaction, and the liability of supervisory personnel for allegedly failing to supervise or train the officers involved in his arrest. He also contends that he has shown a 42 U.S.C. § 1985 conspiracy by showing that the defendants worked together to violate his constitutional rights.

There were three probable cause findings regarding Arnold's arrest. First, a state justice of the peace issued an arrest warrant on finding probable cause. Second, a state grand jury indicted Arnold. Third, the federal district court revoked Arnold's release on bond in an unrelated federal case due to the offense conduct. Moreover, the district court denied Arnold a guideline sentencing adjustment for acceptance of responsibility based on the November 7, 1997, transaction and subsequent arrest and indictment.

Arnold relies on alleged inconsistencies to contend that a police officer committed perjury. Inconsistencies in testimony are insufficient to prove perjury. Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990). Because there were three probable cause findings in the case and a subsequent finding regarding acceptance of

responsibility, the defendants are shielded from any liability in Arnold's case regarding his arrest.  See Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).

Arnold acknowledges that racial animus was not a part of the conspiracy he argues is actionable pursuant to 42 U.S.C. § 1985.  He must show that the conspiracy was racially motivated to prevail.  Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996).

**AFFIRMED.**