United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30762

STEVEN WAYNE MILLER; ET AL.,

Plaintiffs,

STEVEN WAYNE MILLER; PATRICIA DIANE
PRICHARD; BENJAMIN JAMES PRICHARD,

Plaintiffs - Appellees,

v.

THEODORE RISER, JR., Sheriff; ET AL.,

Defendants,

THEODORE RISER, JR., Sheriff; J. E. MORTON, individually
and in his official capacity; SHAWN GRIFFITH, individually
and in his official capacity,

Defendants - Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1505
--------------------

Before DAVIS, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Deputies Shawn Griffith and J.E. Morton appeal from the

denial of their motion for summary judgment on the basis of

qualified immunity. Sheriff Theodore Riser, Jr., appeals from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the order reinstating the state-law claims against him in a civil action arising from an incident involving Steven Wayne Miller and Patricia Diane Prichard.

The district court denied Griffith and Morton's summary judgment motion because it found that genuine issues of material fact exist regarding the deputies' entitlement to qualified immunity on the plaintiffs' false arrest, malicious prosecution, and excessive force claims. Given that the district court based its denial of summary judgment on the existence of a genuine issue of material fact, our jurisdiction on appeal is limited to considering the materiality of these factual disputes. **Hatfield v. Scott**, 306 F.3d 223, 225 (5th Cir. 2002). As a consequence, we must ask whether, assuming all of the plaintiffs' allegations are true, those facts are sufficient to establish that defendants acted in an objectively unreasonable manner. **Id.**

We conclude that the district court did not err by concluding that genuine issues of material fact existed on plaintiffs' Fourth Amendment claims. **See Castellano v. Fragozo,** No. 00-50591, 2003 WL 22881590 (5th Cir. Dec. 5, 2003)(en banc); **Morris v. Dillard Dept. Stores, Inc.,** 277 F.3d 743, 754 (5th Cir. 2001)(probable cause for arrest); **Williams v. Bramer**, 180 F.3d 699, 703-04(5th Cir. 1999)(excessive force); **Rankin v. Klevenhagen**, 5 F.3d 103, 108 (5th Cir. 1993)(qualified immunity). Here the facts supporting the arrest were placed before a neutral magistrate, and his finding of probable cause may have insulated

the officers from liability. **Taylor v. Gregg**, 36 F.3d 453, 456 (5th Cir. 1994). But plaintiffs have introduced a genuine issue of material fact as to whether the magistrate's probable cause determination was "tainted by the malicious actions of the government officials," **Gordy v. Burns**, 294 F.3d 722, 728 (5th Cir. 2002), making the district court's denial of summary judgment here appropriate.

Sheriff Riser contends that the district court erred by reinstating the state-law claims against him. This claim does not relate to the appeal from the district court's denial of qualified immunity, and therefore we do not have jurisdiction to review this claim. **Hatfield v. Scott**, 306 F.3d 223, 225 (5th Cir. 2002).

The deputies and Sheriff Riser contend that the civil action against them was barred by **Heck v. Humphrey**, 512 U.S. 477 (1994), because it attacked the validity of the state court's pretrial probable cause determinations. This court has jurisdiction to address *Heck* in an interlocutory appeal. **Wells v. Bonner**, 45 F.3d 90, 92, 94-95 (5th Cir. 1995).

Pursuant to **Heck**,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

**Heck**, 512 U.S. at 487.  Because Miller and Prichard were not convicted, the civil action was not barred by **Heck**.

As we recently held in **Castellano**, "'malicious prosecution' standing along is no violation of the U.S. Constitution and that to proceed under 42 U.S.C. § 1983 such a claim must rest on the denial of a right secured under federal not state law."  No. 00-50591 2003 WL 22881590 at *1.  Accordingly, we vacate the denial of qualified immunity on this claim and consistent with **Castellano** give the district court discretion on remand to allow plaintiff an opportunity to amend to assert a state law malicious prosecution claim.

The judgment of the district court is AFFIRMED IN PART, VACATED IN PART and REMANDED.