IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-10278

DANIEL F RHODES

Plaintiff - Appellee

v.

TIBOR PRINCE; WILLIAM HARRIS; JAMES F ROACH, III; GARY
KROHN; JERRY D CARROLL

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-02343

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Rhodes, a crime scene investigator, filed suit against five police
officers, alleging that they conspired to violate his constitutional rights. The
officers promptly filed a motion to dismiss, arguing that qualified immunity
shielded them from suit. The district court held that Rhodes's allegations, if
true, would establish that the officers were entitled to qualified immunity on all
but one of Rhodes's causes of action: his First Amendment retaliatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prosecution claim. The officers have now brought this interlocutory appeal, contending that they are entitled to qualified immunity on Rhodes's retaliatory prosecution claim as well. For the reasons that follow, we hold that Rhodes's First Amendment retaliatory prosecution claim is not supported by the pleadings, but his claim for unlawful arrest may be pursued.

1.  We review de novo the district court's denial of the officers' motion to dismiss on their defense of qualified immunity.[1] To escape the grip of the officers' qualified immunity defense, Rhodes must establish that on the facts alleged, he has made out his First Amendment retaliatory prosecution claim.[2] Rhodes cannot do this.

2.  As part of his claim, Rhodes admits he must establish the elements of a malicious prosecution claim.[3] The officers argue that Rhodes's allegations do not establish one element of that cause of action—that a "criminal action was commenced against him."[4] The officers contend that Rhodes's only attempt to meet this element is his conclusory allegation that he was "arrested." The officers argue that being arrested does not mean a criminal action was commenced against you.

    Texas courts have apparently never addressed whether an arrest is sufficient to establish a malicious prosecution claim. But as Rhodes points out, Texas courts typically follow the Restatement

---

[1] Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 252 (5th Cir. 2005).

[2] See Flores v. City of Palacios, 381 F.3d 391, 395 (5th Cir. 2004) (noting that the first inquiry for the familiar two-part qualified immunity test requires the court to determine whether a constitutional right has been violated on the facts the plaintiff has pleaded).

[3] Izen v. Catalina, 398 F.3d 363, 367 (5th Cir. 2005).

[4] See Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994) (listing the elements of malicious prosecution).

in delineating the scope of the tort of malicious prosecution,[5] and the Restatement counsels that an "arrest" can satisfy the criminal-action-commenced-against-you prong of the malicious-prosecution test.[6] But a closer look at the Restatement sinks Rhodes's claim—simply pleading an "arrest" is not enough. Instead, according to the Restatement, the arrest must be lawful; as the Restatement explains:

> Even without the issuance of any process, or indictment or information, criminal proceedings may be instituted by lawful and valid arrest of the accused on a criminal charge. If the arrest is not a valid one, an action for malicious prosecution will not lie unless some further step is taken, such as bringing the accused before a magistrate for determination whether he is to be held.[7]

If the arrest is not lawful, the defendant can still be held liable, just not under a theory of a First Amendment retaliatory prosecution claim; instead, as the Restatement notes, the plaintiff could have a claim for false imprisonment (i.e., false arrest, a Fourth Amendment claim):

> If there is nothing more than the false arrest and the accused is released without any further proceeding, his remedy is an action for false imprisonment. . . . If the arrest is valid and lawful, false imprisonment will not lie.[8]

But Rhodes has not pleaded that he was lawfully arrested; instead, he pleaded that he was unlawfully arrested. Rhodes's

---

[5] See, e.g., Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 509 (Tex. 2002).

[6] RESTATEMENT (SECOND) OF TORTS § 654 (1977).

[7] Id.

[8] Id.

primary basis for claiming he was arrested can be found in his Rule 7(a) reply; there, he alleges:

> Defendant [Officer] Roach intentionally and falsely arrested, fingerprinted, detained, interrogated and prosecuted Rhodes, when he knew such conduct was a violation of Rhodes's Fourth Amendment right to be free from unlawful search and seizures.

Elsewhere, Rhodes describes his arrest as "illegal." Thus, Rhodes has no malicious prosecution claim and the officers should therefore have been granted qualified immunity on Rhodes's First Amendment retaliatory prosecution claim.

This is not to say, however, that Rhodes may not be able to successfully pursue a Fourth Amendment claim. While the district court dismissed his Fourth Amendment claim, Rhodes still has the opportunity to pursue that cause of action. That matter can be taken up by the district court on remand.

VACATED and REMANDED.