# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2010

No. 08-51231

Charles R. Fulbruge III
Clerk

CHARLES TROIS

Plaintiff-Appellant

v.

OFFICER RONALD D LONG, JR

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-965

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Concerning his 2004 arrest for forgery, Charles Trois sued Gillespie County, Texas, Sheriff's Deputy Ronald Long, under a Fourth Amendment claim of unlawful seizure, pursuant to 42 U.S.C. § 1983, and a state-law claim for malicious prosecution. Summary judgment was awarded Deputy Long based on qualified immunity for the constitutional claim and official immunity for the state-law claim. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51231

I.

In August 2004, at a "swap meet" in Trois' home, attended by approximately 50 people, Trois arranged with Michael Rosseau, a fellow trader, to exchange a number of Trois' automobile engines for a skid loader owned by Rosseau. It was agreed that, although Rosseau would take immediate possession of the engines, he was to deliver the skid loader seven weeks later. As security, Rosseau provided a $12,000 check to Trois.

Because Rosseau did not deliver the skid loader, Trois attempted to cash the check, dated 15 October 2004. On his first attempt, the bank returned the check for insufficient funds. On his second attempt, Trois learned Rosseau had placed a stop-payment order on the check. Therefore, in December 2004, Trois brought the matter to the attention of the Gillespie County Sheriff's Department, where he met with Deputy Long.

At this meeting, unable to recall the date of the swap meet, Trois looked at the date of the check, assumed it was dated accurately, and told Deputy Long that he received it from Rosseau on 15 October 2004. The date, however, was later determined to have been altered from 2001 to 2004, by converting the "1" to "4".

Deputy Long telephoned Rosseau. In that conversation, Rosseau admitted he had been in Texas in August, but *not* October, 2004, denied giving a check to Trois at that time, and claimed: he gave a check to Trois in October 2001, as part of a deal at that time; after he delivered the check for this 2001 transaction, he and Trois changed the deal; instead, they agreed to swap; so, he assumed Trois had torn up the check; and, accordingly, Trois must have altered the check's date.

No. 08-51231

When Trois heard Rosseau's accusations, he told Deputy Long two witnesses could confirm that Rosseau gave him the check in 2004. He also informed the Deputy that Rosseau had been convicted of a felony, which the Deputy later learned was mail fraud. Upon request, Trois provided a handwriting sample and furnished Deputy Long with a recording of a telephone conversation between Trois and Rosseau. The recording, however, did not identify a date or involve any discussion of a check. The Deputy told Trois he would investigate further. Trois then sued Rosseau in state court and obtained a $50,900 default judgment against him.

As part of his investigation, Deputy Long retrieved Rosseau's cell-phone and bank records, which supported Rosseau's story. The cell-phone records revealed that, contrary to Trois' earlier claim, Rosseau was not in Texas in October 2004. Further, the bank records showed that the check was part of a series used by Rosseau in 2001. Laboratory analysis of Trois' handwriting sample was inconclusive with respect to whether Trois was responsible for converting the "1" to a "4" on the check.

Without speaking to the two witnesses identified by Trois, Deputy Long delivered the results of his investigation, as further discussed *infra*, to an assistant district attorney, who, in November 2005, presented to a grand jury a case against Trois for forgery. Deputy Long testified before this grand jury, which indicted Trois. Trois turned himself in and was released the same day. In June 2007, after Trois passed a polygraph test, the charges against him were dismissed.

That November, Trois filed this action against Deputy Long. Trois alleged: the Deputy maliciously failed to inform the district attorney and grand jury of

3

No. 08-51231

the witnesses who would have confirmed both when Rosseau delivered the check and his criminal history; and Long had failed to inform the district attorney that Rosseau had a prior conviction for mail fraud.  Pursuant to § 1983, Trois asserted that Deputy Long caused him to be unreasonably seized in violation of the Fourth Amendment.  Additionally, he asserted a state-law claim for malicious prosecution.

The district court granted summary judgment to Deputy Long on both claims, holding, *inter alia*:  because the arrest was made pursuant to a valid grand-jury indictment, Trois failed to allege a violation of a clearly established constitutional right; and Deputy Long was entitled to qualified immunity for the constitutional claim and to official immunity for the state-law claim.

## II.

A summary judgment is reviewed *de novo*, applying the same standards as the district court.  *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).  Such judgment is appropriate if, viewing any disputed facts in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

### A.

For the claim pursuant to § 1983, Deputy Long asserts qualified immunity. The test for such immunity is "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident".  *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (quoting *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (en banc)).

No. 08-51231

A grand-jury indictment establishes probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975). Once "facts supporting an arrest are placed before an independent intermediary such as a . . . grand jury, the intermediary's decision breaks the chain of causation" for false or unreasonable arrest. *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994)) (omission in original). On the other hand, the defendant is *not* afforded independent-intermediary protection if he maliciously withheld relevant information, thereby tainting the intermediary's deliberations. *See Shields*, 389 F.3d at 150; *Taylor*, 36 F.3d at 457.

As noted, Deputy Long testified before the grand jury. Trois maintains the Deputy is not entitled to independent-intermediary protection because he failed to disclose: that Rosseau had previously been convicted for mail fraud; and that at least two witnesses could verify Rosseau delivered the check to Trois in 2004. Trois, however, has *not* presented evidence demonstrating the Deputy *maliciously* withheld such information from the grand jury. In fact, the summary-judgment record shows that, prior to the grand jury proceeding, Deputy Long presented the assistant district attorney with Rosseau's arrest record and informed him of Rosseau's conviction for mail fraud.

To support his position that malice existed, Trois points to a heated exchange with the Deputy, in which Trois questioned the Deputy's intelligence and competence. Beyond this conversation, Trois can only offer circular reasoning, contending: the Deputy failed to present the information to the grand jury because of his malice towards Trois, and the Deputy's malice towards Trois is demonstrated by his failure to present evidence to the grand jury. Because Trois has *not* presented any evidence that the Deputy maliciously withheld

5

No. 08-51231

information from the grand jury, his claim fails to create a genuine issue of material fact on whether Deputy Long's actions violated Trois' constitutional rights. Therefore, for that claim, summary judgment based on qualified immunity was proper.

B.

Under Texas law, a plaintiff asserting malicious prosecution must establish:

> (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff.

*Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). In Texas, a government employee is entitled to official immunity if: (1) he performed a discretionary duty (2) within the scope of his authority (3) while *acting with objective good faith*. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

Consistent with the foregoing concerning qualified immunity, only the third element of official immunity, good faith, is disputed. An officer acts in good faith if, regardless of his subjective motivation, "[a] reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts". *City of San Antonio v. Ytuarte*, 229 S.W.3d 318, 320 (Tex. 2007) (quoting *Chambers*, 883 S.W.2d at 657). The test "is one of objective legal reasonableness and the immunity protects all but the plainly incompetent or those who knowingly violate the law". *Id.* at 321 (internal quotation marks omitted).

No. 08-51231

Based on the summary-judgment record, Trois fails to create a genuine issue of material fact on whether a reasonable person in the Deputy's position could *not* have thought the facts justified the Deputy's actions. Therefore, for the state-law claim, summary judgment based on official immunity was proper.

III.

For the foregoing reasons, the judgment is AFFIRMED.