# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2010

No. 10-10056
Summary Calendar

Lyle W. Cayce
Clerk

TAMARA R. PEARLMAN,

Plaintiff - Appellant

v.

CITY OF FORT WORTH, TEXAS; P. R. MCCLESKEY, Individually and in
his Official Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-393

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Tamara R. Pearlman filed this action against the City
of Fort Worth ("City") and P. R. McClesky, a police officer for the city, alleging
that she was seriously injured when she was forcibly arrested by McClesky
following an incident on August 7, 2006. Pearlman asserts various
constitutional claims against McClesky under 42 U.S.C. § 1983, alleging that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10056

unlawfully seized her, that he injured her through his use of excessive force, and that he refused to provide her with necessary medical treatment. She brings similar claims under 42 U.S.C. § 1983 against the City, alleging that the City had a customary practice or policy supporting McClesky's alleged actions and that it failed to adequately train its officers. Pearlman also asserts state-law claims against both defendants for false arrest and false imprisonment, intentional infliction of emotional distress, and assault and battery.

The parties have stipulated to the pertinent facts. After receiving information that Pearlman may have been mistreating her niece Allison, who was living with Pearlman while Allison's parents were in the process of divorcing, Officer McClesky was sent to Pearlman's home to conduct a "welfare check" on Allison. Allison agreed to speak to McClesky, and Pearlman initially did not object. Subsequently, however, Pearlman apparently came under the delusion that McClesky was attempting to kidnap Allison, and she tried to intervene and pull Allison away from the officer. According to the stipulations,

> Pearlman and McClesky eventually got into an altercation, and McClesky decided to arrest Pearlman. At some point during the incident McClesky informed Plaintiff Pearlman that she was under arrest. Pearlman admittedly being arrest [sic]. Pearlman was eventually handcuffed, photographed at the scene, and transported to jail. Defendants dispute many of Pearlman's claimed injuries, but the parties agree she received a scraped cheek and a sore, perhaps sprained, elbow.

The district court dismissed several of Pearlman's claims after McClesky filed a motion to dismiss, and it later granted summary judgment for defendants on the remaining claims.

No. 10-10056

The district court dismissed Pearlman's state-law claims against McClesky pursuant to the Texas Tort Claims Act, which provides that "[i]f a suit is filed under this [Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."[1]  It subsequently held that Pearlman's state-law claims against the City are likewise barred under the doctrine of sovereign immunity. Although the Texas Tort Claims Act waives sovereign immunity for certain torts, the intentional torts alleged by Pearlman fall outside that waiver.[2]  Pearlman's brief on appeal fails to identify any error in the district court's analysis of these issues, and we accordingly affirm.

Pearlman's constitutional claims against McClesky in his official capacity are instead treated as claims against the City.[3]  The district court granted summary judgment to the City on all constitutional claims because Pearlman failed to adduce any evidence that the City had a custom or policy approving the alleged violations[4] or that the City failed to train its employees adequately.[5] Once again, Pearlman's brief fails to identify any error in the district court's analysis of these issues, and we affirm.

The district court granted summary judgment for McClesky in his individual capacity on all three constitutional claims.  The award of summary

---

[1] TEX. CIV. PRAC. & REM. CODE § 101.106(e) (2010).

[2] *See Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994).

[3] *See Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

[4] *See id.* at 690–95.

[5] *See City of Canton v. Harris*, 489 U.S. 378 (1989).

No. 10-10056

judgment on the unlawful arrest claim was based on procedural grounds that, due to subsequent events, no longer apply,[6] but we affirm summary judgment on the alternative ground that no reasonable juror could find that Pearlman's arrest was unlawful. Pearlman concedes that, apparently acting under the delusion that Officer McClesky was a kidnapper, she physically intervened in an attempt to keep McClesky away from Allison. On these facts, McClesky indisputably had probable cause to arrest Pearlman for interfering with a police investigation.[7]

We likewise affirm the grant of summary judgment for McClesky on the excessive force claim. Pearlman admits that she fought back against Officer McClesky as if he were a kidnapper, and thus McClesky necessarily had to use substantial force to restrain her. Pearlman's injuries were not insignificant, but neither were they particularly severe. On the undisputed facts, no reasonable juror could find that any injuries McClesky suffered were due to a use of force that was excessive or unreasonable under these circumstances.

---

[6] Specifically, the district court held—correctly at the time—that Pearlman was barred from bringing a Section 1983 claim for her allegedly unlawful arrest, since that same arrest was the basis for criminal charges of resisting arrest to which Pearlman pleaded guilty. Because a ruling in Pearlman's favor on her unlawful arrest claim would necessarily imply that her criminal conviction was invalid, the district court was barred from considering her claim unless the conviction was first invalidated on direct appeal, by writ of habeas corpus, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000). The day after the district court issued its judgment, however, a Texas state court granted McClesky's motion to withdraw her guilty plea and the prosecutor's motion to dismiss the case, and thus the *Heck* bar no longer applies.

[7] *See* TEX. PEN. CODE § 38.15(a)(1) ("[A] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law.").

4

No. 10-10056

Finally, we affirm the award of summary judgment for McClesky on the claim for failure to provide necessary medical care.  Pearlman has failed to offer any evidence to suggest she was in need of immediate medical attention, or even that she requested any medical care that she did not receive.

Accordingly, the judgment of the district court is AFFIRMED.