# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2015

Lyle W. Cayce
Clerk

No. 15-20195
Summary Calendar

GREGORY LAFLEUR,

      Plaintiff - Appellant

v.

CHARLES A. MCCLELLAND, JR., Houston Police Department Chief;
PAULA CAMP, Officer; JOHN DOE; SERGEANT B. KLEVENS,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:13-CV-425

---

Before JOLLY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Gregory LaFleur was prosecuted for solicitation of prostitution in the state courts of Texas. After being acquitted by a jury, he brought Fourth and Fourteenth Amendment constitutional violation claims against the defendants under 42 U.S.C. § 1983, as well as malicious prosecution claims under Texas state law. The defendants moved for summary judgment, asserting the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20195

defense of qualified immunity. The district court granted summary-judgment dismissal of LaFleur's § 1983 claims, as well as those for malicious prosecution. We AFFIRM.

I.

On April 3, 2011, defendant Officer Paula Camp, executing a reverse-sting operation in consort with defendant Sergeant B. Klevens, approached LaFleur in conversation that turned to offers of sex for pay. Although general pleasantries were initially exchanged, the conversation quickly took a more adult tone. Specifically, LaFleur became interested when Camp stated that she needed to "make some money." LaFleur then offered that Camp could "come with [him]" and inquired as to "[h]ow much it would take?" After some exchange, LaFleur accepted the terms of their negotiation. Acting on LaFleur's acceptance, Camp signaled Klevens to make the arrest, which was executed by other officers responding to Klevens's order. Three days later, LaFleur was dismissed as Athletic Director of Southern University.

LaFleur was prosecuted in the Texas state court, but he was ultimately acquitted of all charges in a jury trial. He then filed this federal cause of action, suing Officer Camp, Sergeant Klevens, and Chief Charles McClelland, Jr., claiming: violations of his Fourth Amendment rights due to a lack of probable cause for his arrest; violations of his Fourteenth Amendment substantive due process rights due to Defendants' effectuation of a reverse-sting operation, allegedly in violation of Texas state law; liability for official policies or governmental customs condoning the individual actions of Officer Camp and Sergeant Klevens, under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); and finally, malicious prosecution. The district court granted summary judgment to all the defendants and dismissed all of LaFleur's claims.

2

No. 15-20195

## II.

We review a grant of summary judgment de novo, applying the same standard as did the district court. *E.g., Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 345 (5th Cir. 2013). Under that standard, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All evidence from the non-movant must be believed, and all justifiable inferences must be drawn in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

### A. Officer Camp

We first consider LaFleur's claims alleging the violation of his Fourth Amendment rights by Officer Camp. He contends that Officer Camp somehow lacked probable cause to arrest him because she, herself, engaged in illegal activity by carrying out the reverse-sting operation. No authority is cited for this meritless argument. It is clear that it was not unreasonable for Officer Camp to assume probable cause for solicitation of prostitution by LaFleur. LaFleur *actively involved* himself in every aspect of the crime, i.e., greeting, negotiating, and agreeing to the terms, of the solicitation. In short, his conversation and agreement provided ample information to establish probable cause for solicitation of prostitution.

Additionally, LaFleur raises a Fourteenth Amendment substantive due process claim, arguing that Officer Camp, in starting their conversation, engaged in illegal activity in order to manufacture a case against him and that such conduct somehow violated relevant Texas solicitation law. LaFleur further argues that this alleged violation of Texas state law, and the reverse-sting operation that ended in his arrest, violated his substantive due process rights. LaFleur, however, cites no authority for this proposition, and for good

3

reason, because there is none.  This argument is at best a veiled entrapment defense, a defense which LaFleur has disavowed at every turn.  This type of non-coercive undercover investigation has never been recognized by this Court as the kind of conscience-shocking, egregious, and extreme conduct necessary to constitute a substantive due process violation.  Additionally, LaFleur ignores that this Court has upheld reverse-sting operations that were based on probable cause substantiated under Texas Penal Code § 43.02 for similar, and even less expressive sexual propositions than those made by LaFleur.  *See, e.g.*, *Crow v. Relken*, 2007 WL 87662, at *1-2 (S.D. Tex. 2007), *aff'd*, *Crow v. Relkin*, 264 F. App'x 421, 422 (5th Cir. 2008).

Because probable cause was established, Officer Camp is entitled to qualified immunity on all Fourth Amendment claims.  Additionally, to the extent he tries to frame a substantive due process claim on these allegations, LaFleur's Fourteenth Amendment claims are also unsupported.  Thus, we affirm the district court's grant of summary judgment with respect to all claims against Officer Camp.

### B. Sergeant Klevens

Next, we turn to LaFleur's claims against Sergeant Klevens.  LaFleur asserts that because Officer Camp lacked probable cause, Sergeant Klevens also lacked probable cause to rely on Camp's arrest signal.  We have already decided that Officer Camp had probable cause to make the arrest. Officers are allowed to make arrests pursuant to information they "reasonably believe" is made by "an account of criminal activity from a seemingly reliable witnessing officer."  *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).  In this case, Klevens *relied* on Camp's signal that an arrest should be made, and authorized the two officers who made the arrest.  Because there is no convincing argument asserted that Sergeant Klevens acted unreasonably, he is entitled to qualified

No. 15-20195

immunity. Accordingly, we affirm the district court's grant of summary judgment with respect to all claims against Sergeant Klevens.

## C. Chief McClelland

Next, we consider LaFleur's claims against Chief McClelland. LaFleur seems to assert constitutional liability based on an official policy or governmental custom to conduct reverse-sting operations, and/or, alternatively, based on the failure of the municipality adequately to train or supervise such operations. By either route, *Monell* controls, and LaFleur's claim fails. Under *Monell*, a municipality and/or its policymakers may be held liable under § 1983 "when execution of a government's policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ." *Monell*, 436 U.S. at 694; *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (requiring plaintiffs to show "(1) an official policy (2) promulgated by the municipal policymaker (3) [that was also] the moving force behind the violation of a constitutional right"). LaFleur's complaints only focus on his generalized grievances that relate to the concept of undercover reverse-sting operations generally and their use as a tool of law enforcement by the Houston Police Department. This lack of specificity alone undermines any such *Monell* claim. In any event, he must show the violation of some specific constitutional right that resulted from the alleged illegal policy and, as we have noted, he has shown none. *Monell* liability simply does not apply. Thus, we affirm the district court's grant of summary judgment with respect to all claims against Chief McClelland.

## D. Malicious Prosecution

Finally, we consider LaFleur's claims for malicious prosecution under Texas state law. "To prevail on a malicious prosecution claim in Texas," the plaintiff must establish that "the Defendant acted *without probable cause . . .* [and] *with malice.*" *Crow*, 2007 WL 87662, at *2 (emphasis added) (citing

5

No. 15-20195

*Taylor v. Gregg*, 356 F.3d 453, 455 (5th Cir. 1994)).  LaFleur claims that prosecution was pursued *without probable cause* and *with malice.*  As we have indicated here, the police had adequate probable cause to make the arrest in question.  LaFleur's claim that malice was inferred due to the initiation of his prosecution without probable cause is likewise unconvincing.  Thus, we affirm the district court's grant of summary judgment with respect to LaFleur's malicious prosecution claims.

IV.

For these reasons, the district court's judgment is, in all respects

AFFIRMED.