# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2021

Lyle W. Cayce
Clerk

No. 21-30164

Michael R. Holmes,

*Plaintiff—Appellant*,

*versus*

Corbett Reddoch; Ryan Hebert; H. Hardin, *also known as Holly Hardin*; C. Lambert, *also known as Chris Lambert*, *also known as Christopher Lambert*; Paul Durnin; Gerald A. Turlich, Jr., *in his official capacity as sheriff of Plaquemines Parish*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12749

Before King, Costa, and Willett, *Circuit Judges*.
Per Curiam:*

Michael R. Holmes was charged with resisting an officer in violation of Louisiana law. *See* La. Stat. Ann. § 14:108. In September 2019, the prosecution informed the state trial court that it had reached an informal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

compromise with Holmes and moved to dismiss the charge. Holmes then brought this federal suit against officials in the Plaquemines Parish Sheriff's Office, alleging that the officers involved in his arrest violated a number of his civil rights. The district court found that most of Holmes's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and granted defendants summary judgment.[1] Holmes appeals.

*Heck* bars the litigation of a Section 1983 claim if success on that claim "would necessarily imply that a prior conviction or sentence is invalid." *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020). To lift the *Heck* bar, the plaintiff bears the burden of demonstrating that the prior criminal proceeding terminated in his favor. *Hoog-Watson v. Guadalupe Cnty.*, 591 F.3d 431, 435 (5th Cir. 2009). The district court's application of *Heck* turned largely on a state court minute entry, which indicated that the criminal charge against Holmes was dismissed via an "informal diversionary program." The court below interpreted this to mean that the criminal charge had been conditionally dismissed. *See Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (per curiam) (holding that pretrial diversion is not a favorable termination); *see also Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019). And while Holmes argued that he had never participated in a diversionary program or otherwise agreed to a compromise with the State, the court found that Holmes had still failed to meet his burden to demonstrate that the criminal proceedings terminated in his favor.

During the pendency of this appeal, Holmes filed a motion to supplement the record with evidence of a recent state court order quashing

---

[1] The court held that defendants were entitled to qualified immunity from the few federal claims that survived *Heck*. To the extent Holmes pled any state claims, they were dismissed without prejudice because the court declined to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

his criminal charge. The Louisiana court held that the charge against Holmes was not properly dismissed in open court and, since the charge was filed over three years ago, ruled that it should be quashed entirely. The court did not erase the minute entry, as it merely reflected "what the DA said in court." But the court did acknowledge there was no evidence that Holmes had completed any diversionary program, and that it was unaware of any Louisiana criminal charge that had been resolved in a similar fashion.

We grant Holmes's motion to supplement the record. *See DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 220 (5th Cir. 2021) (taking judicial notice of relevant public proceedings that occurred after the district court ruled); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1312–1314 (Fed. Cir. 2014) (allowing supplementation of the record on appeal because evidence related to events occurring after, rather than before, the district court ruling). In light of these state court developments, it is appropriate to vacate the ruling—which relied heavily on the now-altered state court record—and remand the case for further consideration. Indeed, defense counsel forthrightly acknowledged at oral argument that the state court ruling, if it stands, changes the complexion of the *Heck* issue.

The qualifier is that defendants intend to appeal the state court order. That might support staying this appeal pending resolution of the state court appeal. The district court, however, is in the best position to address in the first instance the impact of the new state court ruling and whether a stay is warranted to await the final state court resolution. There is one other development that could affect the *Heck* issue. The Supreme Court heard argument this fall in a case that could clarify the burden a civil rights plaintiff bears in trying to overcome *Heck* when it is not clear whether the criminal case resulted in a favorable termination. *See Thompson v. Clark*, 794 F. App'x 140, 141 (2d Cir. 2020), *cert. granted*, 141 S. Ct. 1682 (2021). This additional moving part on the *Heck* issue is another reason to remand. And while

No. 21-30164

defendants urge affirmance on the alternative ground that plaintiff cannot show a violation of clearly established law, much of that analysis could be influenced by the *Heck* ruling (such as whether, in assessing the excessive force claim, we must accept that Holmes resisted the officers, as that was the basis for the state court prosecution).

\* \* \*

The motion to supplement the record is GRANTED. We VACATE the judgment and REMAND for further proceedings consistent with this opinion.